# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON TERREL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:24-cv-00227-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

　　　　Plaintiff Brandon Terrel filed a complaint on February 21, 2024, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Based on the initial application, the Court found it could not determine from the information provided if Plaintiff is entitled to proceed in this action without prepayment of fees. On February 23, 2024, the Court denied the application without prejudice and ordered Plaintiff to file a long form application. (ECF No. 3.) On February 26, 2024, Plaintiff filed a long form application. (ECF No. 4.) For the reasons discussed herein, the Court shall recommend Plaintiff's application to proceed IFP be denied.

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In his long form application, Plaintiff proffers that the average monthly income of his household over the past twelve months totals $3,480.00 from the following sources: (1) $3,200.00 from his spouse's employment, and (2) $280.00 from food stamps.[1] (ECF No. 4 at 1-2.) Plaintiff proffers he does not expect changes to his household monthly income over the next 12 months. (Id. at 5.)

Plaintiff's household includes his spouse and one dependent. (Id. at 3.) Plaintiff claims expenses in the amount of: (1) $1,100.00 for home-mortgage payment with property insurance

---

[1] The long form application directs applicants to use gross monthly income. (ECF No. 4 at 1-2.) The Court therefore calculates Plaintiff's household month income using the gross amount rather than the net amount also proffered by Plaintiff.

2

1 included; (2) $300.00 for utilities; (3) $100.00 for food; (4) $100.00 for laundry and dry-
cleaning; (5) $120.00 for life insurance; (6) $160.00 for auto insurance; and (7) $200.00 for a
credit card. (Id. at 4.) This totals $2,080.00 per month in claimed expenses.

Plaintiff also claims the following assets: (1) a home proffered to be valued at $118,000.00; (2) a 2014 Nissan vehicle proffered to be valued at $3,000.00; (3) a 2015 Nissan vehicle proffered to be valued at $3,000.00; and (4) a 2000 GMC vehicle proffered to be valued at $1,200.00. (Id. at 3.) Plaintiff also claims to currently have $80.00 cash in a checking account. (Id. at 2.)

The Court finds the information contained in Plaintiff's application is inconsistent with a finding of poverty based on such income, stated expenses, and stated assets. Plaintiff's annual household income is $41,760.00, which exceeds the poverty guideline for a three-person household ($25,820). 2024 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited February 27, 2024). Further, while recognizing Plaintiff makes monthly payments on his mortgage, Plaintiff's claimed savings, cash, and assets exceed $125,000.00. Plaintiff's income and assets therefore reflect that Plaintiff can pay the $405.00 filing fee for this action.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $405.00 filing fee for this action.

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2024**

UNITED STATES MAGISTRATE JUDGE